IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNION INSURANCE COMPANY, as
Successor in Interest to Great River
Insurance Company                                                           PLAINTIFF

VS.                                                            CAUSE NO. 3:09CV283-HTW-LRA

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, FIDELITY & GUARANTY
INSURANCE UNDERWRITERS, INC. and
UNITED STATES FIDELITY & GUARANTY COMPANY        DEFENDANTS

MOTION FOR SUMMARY JUDGMENT FILED BY
PLAINTIFF UNION INSURANCE COMPANY

COMES NOW Plaintiff, Union Insurance Company ("USIC"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 56, and files this motion for summary judgment. In support of the motion, USIC would show the following.

I.

The simultaneously filed itemization of uncontroverted material facts shows those facts upon which USIC relies and to which there is no controversy. USIC's motion and its itemization of uncontroverted material facts are supported by the following exhibits:

Exhibit "1" - Amended Complaint for Declaratory Judgment;

Exhibit "2" - Answer of Travelers Insuring Entities;

Exhibit "3" - E-Mails by and between Custom Aggregates and the liability insurance carriers, including Union Insurance Company and the Travelers Insuring Entities. (Bates pages 0990-91, 1003, 1012, 1031-33, 1091-99, 1103-11, 1115-22, 1129-30, 1185, 1283-87, 1287, 1291, 03167-69, 03270-80, 03364, 03427-29, 03432-34, 03436-38, 03441-43, 02556-57 and 02593);

Exhibit "4" - CGL policy issued to Custom Aggregates by Travelers Insuring Entity USF&G from March 20, 1995 to March 20, 1996 (Bates pages 3141 to 3158 nonsequential);

Exhibit "5" - CGL policy issued to Custom Aggregates by Travelers Insuring Entity USF&G from March 20, 1996 to March 20, 1997 (Bates pages 3189 to 3206 nonsequential);

Exhibit "6" - CGL policy issued to Custom Aggregates by Travelers Insuring Entity Travelers Property & Casualty from March 31, 1999 to March 31, 2000 (Bates pages 2964 to 2993 nonsequential);

Exhibit "7" - CGL policy issued to Custom Aggregates by Travelers Insuring Entity Travelers Property Casualty from March 31, 2000 to March 31, 2001 (Bates pages 3063 to 3082);

Exhibit "8" - CGL policy issued to Custom Aggregates by Travelers Insuring Entity Travelers Property & Casualty from March 31, 2001 to March 31, 2002 (Bates pages 2861 to 2889 nonsequential);

Exhibit "9" - CGL policy issued to Custom Aggregates by Great River Insurance Company (USIC) from March 31, 1997 to March 31, 1998 (Bates pages 0121 to 0176 nonsequential); and

Exhibit "10" - CGL policy issued to Custom Aggregates by Great River Insurance Company (USIC) from March 31, 1998 to March 31, 1999 (Bates pages 0001 to 0107 nonsequential);

## II.

The above referenced exhibits clearly illustrate there is no genuine issue as to any material fact regarding the relief sought by USIC. USIC seeks recovery from Travelers Insuring Entities of settlement indemnity funds paid by USIC for a common insured sued for a continuous exposure toxic tort, silicosis, suffered by a user of the product of the common insured over a period of approximately one hundred four (104) months. When the underlying tort suit settled, defendant Travelers, paid less than its share of the indemnity and, under its relational obligations to the insured, USIC involuntarily made up the difference to protect the insured. USIC seeks recovery of its overpayment by way of contribution and/or indemnity.

## III.

The suit before the court involves questions of insurance law related to an underlying tort claim which has been litigated and settled prior to the filing of the instant action. That underlying tort suit was filed in 2004 in the Circuit Court of the First Judicial District of Hinds County, Mississippi, by plaintiff Clifton Gatlin against several defendants including the mutual insured, Custom Aggregates and Grinding,

3

Inc. The Gatlin lawsuit was assigned civil action number 251-04-798 in Hinds County Circuit Court. The Gatlin lawsuit alleged that underlying plaintiff Gatlin, a sandblaster, had contracted silicosis from longrunning exposure to the dangers of sandblasting. According to the Gatlin lawsuit, Gatlin's employer had obtained silicone products from Custom Aggregates (the mutual insured) for 104 months of Gatlin's exposure. During that 104 month period, Custom Aggregates was insured by a number of insurance carriers, all of whom contributed to the defense of the Gatlin lawsuit.

### IV.

Ultimately, the parties in the Gatlin lawsuit succeeded in negotiating a settlement. The agreed settlement amount was $1,750,000.00. When it came time to fund the settlement, however, The Travelers Entities declined to pay what appeared to be their pro rata share of settlement. In other words, though The Travelers Entities had funded 48.57% of defense costs, they declined to pay 48.57% of the agreed settlement of $1,750,000.00. Instead, The Travelers Entities agreed to pay only 48.57% of $1,000,000.00 or $485,700.00, to settle the Gatlin lawsuit.

### V.

Because The Travelers Entities declined to pay what the other carriers believed was the appropriate percentage of The Travelers' share of the settlement, the remaining insurance carriers were left with the choice of allowing the case to go to trial, putting their mutual insured at great risk, or themselves funding the shortfall created by Travelers' obstinacy. The other carriers, USIC/Great River included,

decided to protect the mutual insured and overpay their portion of the settlement. Though USIC/Great River insured Custom Aggregates for only 22.86% of the exposure duration, Great River agreed to pay $691,500.00 to fund the settlement of the Gatlin lawsuit. This payment by USIC/Great River amounted to an overpayment by USIC/Great River in the amount of $291,450.00.

## VI.

This case asks the court to adjudicate and declare the insurance coverage applicable to a continuing exposure toxic tort with a multiple year duration, implicating numerous insurance carriers and policy periods. On those facts the first question is the appropriate coverage trigger. Movant USIC advocates the exposure trigger. Under that device, insurance coverage is triggered throughout the duration of the underlying plaintiff's exposure to the allegedly toxic product. By way of the exposure trigger, insurance coverage for the underlying tort suit was triggered throughout the several years of the plaintiffs' exposure to the toxic tort, in this case, silicosis.

## VII.

The second question requiring the court's declaratory judgment is the proper allocation of indemnity among the several insurance carriers, including USIC and the Travelers Insuring Entities. Movant USIC advocates the proper method, as a matter of law, is pro-rata allocation. By virtue of the pro-rata allocation of indemnity method, which this court should embrace, each insurance carrier will be allocated that

portion of the settlement indemnity that corresponds pro-rata to the proportion of the exposure period for which that insurance carrier provided liability coverage.

## VIII.

The third question requiring this court's declaratory judgment is the coverage exposure of the several carriers who insured Custom Aggregates, the insured, over the life of the continuous duration toxic tort. Movant USIC asks the court to declare as a matter of law that one "occurrence" applied to each carrier and that, therefore, each carrier, including USIC and the Travelers Insuring Entities, was exposed, and owed the insured coverage, in an amount equal to the highest one year coverage limits of the affected carrier. In the instant case, for instance, each carrier issued primary liability policies with one million dollars ($1,000,000.00) in liability limits for single policy years. Over the exposure period of one hundred four (104) months, the defendant Travelers Insuring Entities provided that coverage for fifty-one (51) of the one hundred four (104) months. Plaintiff Union Insurance Company, and its predecessors (Great River), provided insurance in that amount twenty-four (24) months of the one hundred four (104) month exposure period. On the uncontroverted material facts of this case, this court should declare as a matter of law that each carrier had indemnity liability limits applicable to the underlying controversy equal to the one year liability limits for which that carrier insured the common insured. In this case, that method would mean that each carrier insured Custom Aggregates with limits of one million dollars ($1,000,000.00) per carrier.

## IX.

Given the court's adjudication of the legal questions enumerated in the preceding paragraphs, and applying those to the uncontroverted material facts of this case, the court should issue its order and judgment requiring defendant Travelers Insuring Entities to reimburse plaintiff USIC the sum of $291,450.00, representing the indemnity overpayments made by plaintiff USIC to compensate for the underpayments of the defendants Travelers, together with all prejudgment interest, postjudgment interest, costs of this action and a reasonable attorneys' fee.

WHEREFORE, PREMISES CONSIDERED, plaintiff USIC respectfully requests this court to grant its Motion for Summary Judgment and to enter its declaratory judgment as to each legal issue asserted above, and to issue its final judgment awarding plaintiff USIC the sum of $291,450.00, together with prejudgment interests, postjudgment interests, costs and attorneys' fees. Plaintiff USIC prays, as well, for all relief to which it might be entitled.

                                              Respectfully submitted,

                                              UNION INSURANCE COMPANY

                                              S /    J. STEPHEN WRIGHT
                                                          Attorney for Plaintiff

OF COUNSEL:

J. STEPHEN WRIGHT, ESQ. (MSB #7400)
JAMES C. MARTIN, ESQ. (MSB # 1890)
WRIGHT & MARTIN, LLP
605 Steed Road
Post Office Box 1950
Ridgeland, Mississippi 39158
Telephone: (601) 856-0000
Facsimile: (601) 856-5767

## CERTIFICATE OF SERVICE

I, J. Stephen Wright, one of the attorneys for plaintiff, do hereby certify that I have this day electronically served a true and correct copy of the foregoing Motion for Summary Judgment Filed by Plaintiff, Union Insurance Company to the following:

> Lee Ann Thigpen, Esq.
> lthigpen@cwplaw.com

This the 30th day of August, 2010.

                                                    S/     J. Stephen Wright